UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04-CR-351 (CEJ) |
| ) | |
| JO ANN PIPER and ) | |
| JAMES ESCHEN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Terry I. Adelman for determination and recommended disposition, where appropriate. On May 5, 2005, Judge Adelman issued a Memorandum, Order and Recommendation with respect to the disposition of the motion to dismiss the indictment and motion to suppress statements filed by defendant James Eschen. Defendant Jo Ann Piper was granted leave to join the motions filed by Eschen, and she has filed objections to the recommendation that the motion to dimiss be denied. Defendant Eschen joins in the objections.

The Court has conducted a <u>de novo</u> review of the proposed findings and recommendations of the Magistrate Judge as to which objections have been made. 28 U.S.C. §636(b)(1). After careful consideration, the Court concludes that Judge Adelman's findings

and conclusions are correct. Moreover, the Court would have reached the same determinations had it reviewed the motions in the first instance.

The defendant's objections focus initially on the sufficiency of the evidence to support the charges in the indictment. As Judge Adelman correctly noted, it is inappropriate for the Court make a pretrial determination of whether the government can meet its burden of proof based on facts not yet proved. See United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001)[quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000) ("We simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.")]. At the conclusion of the government's case in chief, the defendants will have the opportunity to ask the Court to determine whether the government has presented evidence sufficient to sustain a conviction. See Fed. R. Crim. P. 29. Further, if it is appropriate to allow the defendants to present a defense of good faith compliance with the government regulations at issue in this case, then they will be permitted to do so at trial.

The indictment charges the defendants with health care fraud (18 U.S.C. § 1347 and 2), making false statements concerning health care benefit programs (18 U.S.C. § 1035 and 2), and making false statements to federal agents in the course of an investigation (18 U.S.C. § 1001(a)(2) and 2). The indictment

makes reference to the regulations promulgated by the Secretary of the Department of Health and Human Services pertaining to the Medicare Program and the Medicaid Program. Contrary to the defendant's contention, those regulations are not the basis of the prosecution in this case. Rather, the charges against the defendants are based on federal criminal statutes. While it may be relevant to show that the defendants failed to comply with the program regulations, the government must prove more than mere non-compliance in order to meet its burden of proof. Additionally, even if the defendants could establish that they were not required to comply with the regulations, that would not be a sufficient basis for dismissing the indictment.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Memorandum, Order and Recommendation of United States Magistrate Judge Terry I. Adelman is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motions of defendant James Eschen to dismiss the indictment and to suppress statements [Doc. #59 and #61] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of June, 2005.